IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV594-01-MU
3:92CR270-1

| | |
|---|---|
| WILLIAM ARTHUR BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's Amended Memorandum of Law in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed May 11, 2005, and Respondent's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed October 11, 2005.

## PROCEDURAL HISTORY

On October 6, 1992, Petitioner was charged in an eleven-count indictment. Count One charged Petitioner with being the organizer of a continuing legal enterprise ("CCE") from in or about January of 1988, until on or about September 21, 1992, in violation of 21 U.S.C. § 848, the purpose of which was the possession with intent to distribute heroin and cocaine; Count Two charged Petitioner with conspiracy to possess with intent to distribute a quantity of heroin and a quantity of cocaine in violation of 21 U.S.C. § 846; Count Three charged Petitioner with possessing, using, and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); Counts Four through Ten charged Petitioner with money laundering offenses in

violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 1956(a)(1)(B)(I); and Count Eleven charged Petitioner with money laundering and aiding and abetting money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 1956(a)(1)B)(I) and (2).

On July 12, 1993, the Government filed an Information pursuant to 21 U.S.C. § 851, setting forth a prior felony drug offense for possession of heroin with intent to deliver for which Petitioner was arrested on January 9, 1976. On July 19, 1993, a jury trial commenced on all but Counts Three and Eleven, with the jury ultimately returning verdicts of guilty as to Counts One, Two, Five, Six, Seven, and Ten, and of not guilty as to Count Four.

On April 11, 1994, this Court sentenced Petitioner to 360 months imprisonment on Counts One and Two and to 240 months imprisonment on Counts Five, Six, Seven, and Ten, to run concurrently. Judgment was entered on April 15, 1994. On April 21, 1994, Petitioner filed a notice of appeal.

On January 18, 2000, the United States Court of Appeals for the Fourth Circuit affirmed the drug conspiracy and money laundering convictions but reversed the CCE conviction, vacating the unitary sentence announced for the CCE and drug conspiracy counts but affirming the convictions and sentences imposed for the money laundering counts. See United States v. Brown, 202 F.3d 691, 704 (4th Cir. 2000). On remand the Government elected to dismiss the CCE count and on December 12, 2000, Petitioner was re-sentenced on the drug conspiracy count to 360 months imprisonment to run concurrently with Petitioner's 240 month sentence on the money laundering counts. Petitioner appealed his resentencing to the Fourth Circuit.

On October 28, 2002, the United States Court of Appeals affirmed the second Judgment. See United States v. Brown, 49 Fed. Appx. 432 (4th Cir. 2002). In its opinion the Fourth Circuit held

that there was no violation of Petitioner's Sixth Amendment right to a jury trial under the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), because the Government gave Brown proper notice of its intention to seek an enhanced penalty under 21 U.S.C. § 851 and because Brown was sentenced within the statutory maximum of thirty years, under 21 U.S.C. § 841(B)(1)(C). The Fourth Circuit also stated that "[t]o the extent that Brown alleges the Government's § 851 notice was insufficient, the issue is foreclosed by the mandate rule." On October 29, 2003, Petitioner filed a petition for certiorari with the United States Supreme Court, which was denied on December 1, 2003.

On December 1, 2004, Petitioner filed a pro se motion to vacate, set aside, or correct sentence. On May 11, 2005, Petitioner, through counsel, filed an amended Memorandum of Law in Support of his Motion to Vacate. In his amended memorandum Petitioner argued that: 1) that trial and appellate counsel were ineffective for failing to challenge the § 851 notice; 2) that the indictment was constructively amended by Government's counsel's reference in closing argument to a different beginning date of Petitioner's involvement in the conspiracy; and 3) that Petitioner was denied a unanimous verdict when the trial court failed to instruct the jury that it had to decide upon the identity of the drug distributed by the conspiracy. In addition, the amended memorandum explicitly incorporated Petitioner's prior arguments that he received ineffective assistance of counsel when his counsel failed to: 1) argue that per Apprendi he should have been sentenced at no greater than a level 12 under the sentencing guidelines; and 2) argue that the indictment broadened the offense of money laundering by including the word "willfully."

ANALYSIS

I. **INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992), cert. denied, 506 U.S. 885 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

A. **§ 851 Notice**

As to this issue, the Government concedes error and this Court will order an Amended Judgment and Conviction to reduce his sentence with regard to his 21 U.S.C. § 846 conviction to twenty years.

B. **Constructive Amendment of Indictment**

Petitioner alleges that his attorneys were ineffective for failing to object to the Government's unconstitutional amendment of his Indictment. More specifically, Petitioner alleges that the Government constructively amended his Indictment during closing arguments when the prosecutor asserted that the correct beginning date for Petitioner's involvement in the

4

conspiracy was 1989 rather than the 1988 date listed in the Indictment.

It is undisputed that "only the grand jury may broaden or alter the changes in [an] indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). Thus, "[w]hen the government, through its presentation of evidence and/or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment occurs." Id. This constructive amendment violates the Fifth Amendment "because the indictment is altered "to change the elements of the offense charged in the indictment." Id.

As emphasized by the United States Court of Appeals for the Fourth Circuit, however, "not all differences between an indictment and the proof offered at trial rise to the 'fatal' level of constructive amendment." Randall, 171 F.3d at 203. That is, when different evidence is presented at trial but the evidence does not alter the crime charged in the indictment a mere variance occurs. A mere variance does not violate a defendant's constitutional rights unless it prejudices the defendant by either surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." Id. at 203.

Inexact dates in an indictment are ordinarily insufficient to warrant reversal. See United States v. Kimberlin, 18 F.3d 1156, 1158-59 (4th Cir. 1994). This general principle applies to conspiracy cases. See United States v. Queen, 132 F.3d 991, 998-99 (4th Cir. 1997)(holding that specific dates are not elements of the conspiracy offense), cert. denied, 523 U.S. 1101 (1998).

In the instant case, the variance at issue is the beginning date of the conspiracy. Petitioner's indictment sets the start date of the conspiracy as January 1988. At trial it was

established that Petitioner was incarcerated in Illinois until December 1989. The drug conspiracy was alleged to have continued until September 21, 1992. The crime of drug conspiracy does not require that it have occurred for a certain period of time nor is the date of the conspiracy in any way an element of the offense. Nor does Petitioner establish that he was not fairly apprised of the crimes with which he was charged. Nor did any variance unfairly prejudice Petitioner nor did it expose him to the danger of a second prosecution. Consequently, Petitioner suffered no prejudice and his counsel were not ineffective for failing to object on this basis.

### C. Failure of Appellate Counsel to Challenge Lack of Unanimity Instruction

Petitioner alleges that his appellate counsel was ineffective for failing to argue that his due process right to a unanimous jury verdict was violated by this Court's failure to provide an instruction to the jury that it had to agree as to which controlled substance – cocaine or heroin – was the controlled substance distributed by the conspiracy.[1]

It is well established that when a jury returns a general verdict of guilty in a multiple-object conspiracy and none of the possible bases of conviction are unconstitutional or illegal, the verdict may be upheld if the evidence is sufficient with respect to any one of the objectives charged. See, e.g., Griffin v. United States, 502 U.S. 46, 56-57 (1991); Turner v. United States, 396 U.S. 398, 420 (1970). None of the unlawful objectives alleged in Count Two – heroin and

---

[1] Petitioner asserts that this Court denied the prosecutor's request for a special instruction regarding drug type. A review of the transcript pages cited to by Petitioner reveal that this issue was raised when the Court was ruling on Rule 29 motions and the Court indicated that the issue was not necessary to a ruling on the Rule 29 motions and should be raised at a later time. Petitioner does not cite to any portion of the transcript to support an assertion that this issue was ever raised again or that this Court explicitly denied such a request. Indeed, the transcript reflects this Court's denial of a unanimity instruction with regard to the CCE count but there is no such record of a denial of a unanimity request with regard to drug type. (Tr. Trans. pp.268-69).

cocaine – was based on an invalid law and Petitioner does not claim that the evidence is insufficient as to all of the charged objectives. Consequently, Petitioner's appellate counsel was not ineffective for failing to raise this due process claim.

The Court notes that the cases cited by Petitioner are not analogous to the present case.[2] In the instant case two possible sets of underlying brute facts are at issue with regard to the controlled substance element of 21 U.S.C. §§ 841, 846. In contrast, in Richardson, the issue was whether the phrase " series of violations" referred to one or several elements. Because the Supreme Court determined that the phrase referred to several elements, the Court held that a jury must unanimously agree on each violation which was a separate element. See Richardson v. United States, 526 U.S. 813, 817-18 (1999). Here, § 841 makes it a crime for a person to "knowingly or intentionally . . . distribute . . . a controlled substance." The Due Process Clause does not require that the jurors agree upon a single controlled substance. See Griffin v. United States, 502 U.S. 46, 50 (1991)(a general verdict under a single count charging commission of an offense by two or more means does not violate due process ); Schad v. Arizona, 501 U.S. 624, 631-32 (1991)("different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.").

Rather than requiring a reversal of a conviction on due process grounds, the impact of a general verdict form is felt at sentencing. In United States v. Rhynes, 206 F.3d 349 (4th Cir. 1999), the Fourth Circuit held that if drug type is not specified in a multiple object drug

---

[2] Tellingly, none of the cases cited to by Petitioner are based upon violations of 21 U.S.C. § 841 or § 846.

conspiracy, a defendant may only be sentenced to the statutory maximum for the drug carrying the least severe penalty. In the instant case, Petitioner's newly reduced sentence of twenty years does not exceed the statutory maximum for the drug type carrying the lowest penalty.

Petitioner's appellate counsel was not ineffective for failing to raise this claim on appeal.

### D. Money Laundering

Petitioner alleges that his counsel was ineffective for failing to challenge his indictment where the Government unlawfully broadened his money laundering charge by using the word "willfully" in his Indictment. More specifically, Petitioner asserts that the word "willfully" is not a part of the money laundering statute at issue. See 18 U.S.C. §§ 1956 (a)(1)(A)(I).

A review of the statute at issue reveals that Petitioner is correct that the statute does not contain the word "willfully." The statute does, however, use the words "knowing" and "with intent." Thus, the indictment merely added a word of similar import – "willfully." In addition, it is unclear to this Court how Petitioner was prejudiced by the Government proving an allegedly extra element. Consequently, this Court finds that Petitioner was not prejudiced by his counsel's failure to challenge the indictment on this basis.

### E. Apprendi

Petitioner alleges that his counsel on resentencing was ineffective for failing to argue with regard to his conspiracy conviction that under Apprendi the maximum offense level under the United States Sentencing Guidelines at which he could be sentenced was a level 12. In support of his argument Petitioner asserts that this Court was incorrect to resentence him based upon a judge-made finding as to the drug type and the amount.

Petitioner's argument is misplaced. Apprendi deals with statutory maximums not

offense levels under the Sentencing Guidelines. In Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63. Petitioner was convicted of violating of 21 U.S.C. 841(a)(1) and 846 for a Schedule I or II controlled substance,[3] both of which exposed him to a statutory maximum penalty of twenty years. 21 U.S.C. § 841(b)(1)(C). Because Petitioner's sentence of present twenty years imprisonment does not exceed the statutory maximum for the crime for which he pled guilty, it does not violate the principles set forth by the United States Supreme Court in Apprendi and Petitioner's Apprendi claim[4] is meritless. As such, this Court holds that Petitioner's ineffectiveness of counsel claim is meritless.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. As set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED in part and DENIED in part;** and

2. The Clerk is directed to prepare a new criminal Judgment reflecting a reduction in

---

[3] Petitioner was charged with conspiracy to distribute heroin, a Schedule I controlled substance and cocaine a Schedule II controlled substance.

[4] The Court notes that the United States Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), have no bearing on this case. Petitioner's case became final in December 2003, when the United States Supreme Court denied his certiorari writ. Because Blakely and Booker, were decided after his conviction and sentence became final, in order to impact his sentence these cases would have to be determined to be retroactive on collateral review. However, the Supreme Court has not made the new rule announced in Booker retroactively applicable in the collateral review context. Furthermore, the Fourth Circuit has explicitly held that the rule announced in Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Petitioner's sentence with regard to Count 2 from 360 months to 240 months imprisonment. All other terms and conditions are to remain the same.

Signed: September 11, 2006

Graham C. Mullen
United States District Judge