# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:92CR270

| UNITED STATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| WILLIAM ARTHUR BROWN, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court upon review of Petitioner's Writ of Error Coram Nobis, pursuant to 28 U.S.C. § 1651, filed October 04, 2010. [D.I. 54]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was on supervised release when he filed the instant Writ. [D.I. 55]. In October of 1992, Petitioner was charged in an eleven count indictment. On July 29, 1993, a jury found Petitioner guilty on Count One, being the organizer of a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848; Count Two, conspiracy to possess with intent to distribute a measure of heroin and a measure of cocaine in violation of 21 U.S.C. § 846; and Counts Five, Six, Seven, and Ten, money laundering offenses in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 1956(a)(1)(B)(I). Petitioner's offense was enhanced pursuant to 21 U.S.C. §851, which attributed a prior felony drug sentence for possession of heroin with intent to deliver.[1] Petitioner was sentenced on April 11, 1994 to 360 month's imprisonment on Counts One and Two and sentenced to 240 months imprisonment on Counts Five, Six, Seven, and Ten,

---

[1] On July 12, 1993, the Government filed an Information pursuant to 21 U.S.C. § 851, setting forth a prior felony drug offense for possession of heroin with intent to deliver for which Petitioner was arrested on January 9, 1976.

to be served concurrently with the terms on Counts One and Two, for a total of 360 months.

On appeal, the Fourth Circuit reversed the Petitioner's conviction on Count One and affirmed all remaining offenses. United States v. Brown 202 F.3d 691, 704 (4th Cir. 2000). On remand, the Government dismissed Count One. Petitioner was re-sentenced on December 12, 2000, to 360 months on Count Two and 240 months on Counts Five, Six, Seven, and Ten. Both terms were to be served concurrently, for a total of 360 months. Petitioner appealed his re-sentencing to the Fourth Circuit, which affirmed the second judgment. United States v. Brown, 49 Fed. App'x. 432 (4th Cir. 2002).

Petitioner filed a petition for certiorari with the United States Supreme Court, which was denied on December 1, 2003. On the same day, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence which, through counsel, was amended on May 11, 2005. [D.I. 16] The Motion argued that Petitioner suffered from ineffective assistance of counsel because his attorney failed to challenge the sentencing enhancement under 21 U.S.C. § 851, that the indictment was constructively amended by the Government's reference in its closing argument to a different beginning date of Petitioner's involvement in the original alleged conspiracy, and that Petitioner was denied a unanimous verdict when the trial court failed to instruct the jury that it had to decide upon the identity of the drug distributed by the conspiracy. Id. The amended Motion also explicitly incorporated Petitioner's prior arguments that he received ineffective assistance of counsel when his counsel failed to argue that his sentence was excessive, and that the indictment broadened the offense of money laundering by including the word "willfully." Id.

This Court found error with regard to Brown's drug conspiracy sentence because Brown's prior qualifying drug offense had been dismissed. In the absence of a prior qualifying

offense, Brown's statutory maximum sentence dropped from thirty to twenty years. See 21 U.S.C. § 841(b)(1)(C) (2006). In the Order granting Brown § 2255 relief (in part), this Court specifically noted that it was only lowering Brown's sentence for Count Two and that all of his other sentences, terms and conditions would remain same. Brown v. United States, 206 U.S. Dist. LEXIS 64769 (W.D.N.C. Sept. 11, 2006); aff'd, 315 F. App'x. 494 (4th Cir. 2009)

In United States v. Brown, the Fourth Circuit considered whether this Court erred by not holding a re-sentencing hearing prior to entering the amended judgment and whether Petitioner's six-year term of supervised release for Count Two was erroneous. 315 Fed. App'x. 494 (4th Cir. 2009). The Fourth Circuit held that the Court did not abuse its discretion in choosing to not hold an additional sentence hearing. The Fourth Circuit also held that the six-year term of supervised release was appropriate under the law. Id. While an unpublished opinion in the Fourth Circuit is not wholly dispositive, it is nonetheless heavily persuasive as Petitioner requests reconsideration of the same supervised release issue.

## II.     ANALYSIS

Petitioner seeks relief under the All Writs Act, 28 U.S.C. § 1651. While Petitioner has not previously applied for specific relief with regard to his supervised release under the amended sentence, he has nonetheless sought and received multiple reviews of his case and sentencing. These reviews have not lead to any findings of inappropriate sentencing on behalf of this Court. Petitioner now chooses to proceed under § 1651, presumably due to a lack of success in previous motions and appeals before the Fourth Circuit.

A Writ of Error Coram Nobis may be used "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice" and "where no other remedy [is] available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.

1988), United States v. Bazuaye, 399 Fed. App'x. 822, 824 (4th Cir. 2010) (using the language of Mandel). The United States Supreme Court has explained that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Court went on to note that in the light of the "enactment of the Federal Rules of Criminal Procedure, it is difficult to conceive of a situation where [a Writ of Error Coram Nobis] would be necessary or appropriate." Id. (quoting United v. Smith, 331 U.S. 469, 475 n.4 (1947) (brackets in original)). "To be entitled to coram nobis relief, the petitioner must demonstrate that: '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" Bazuaye, at 824.

This Court need not undertake a substantive review of Petitioner's claims that under the All Writs Act because such relief is not available to him. As Petitioner is in custody, a Writ of Error Coram Nobis is not the proper vehicle for him to use to challenge his incarceration. Previous petitioners serving terms of supervised release have been considered "in custody" for the purposes of the Writ. See In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (noting additional requirement that petitioner not be in custody when proceeding under § 1651); and United States v. Smith, 77 Fed App'x 180 (4th Cir. 2003) (dismissing petition for Writ of Error Coram Nobis after determining that Petitioner, while under supervised release status, was still considered in custody and thus relief, via Coram Nobis, under the All Writs Act was unavailable.); and Alam v. United States, 630 F. Supp. 2d 647 (W.D.N.C. 2009)

Even if Plaintiff were not in custody and was able to seek relief under the All Writs Act, his claims would likely fail. Plaintiff has not demonstrated that no other remedies were available to him or that he was subject to an error of the most fundamental character.[2] The Petitioner has already had his § 2255 petition considered and granted in part, and the Fourth Circuit has indicated their approval of his supervised release term.

Therefore, to the extent that Petitioner is seeking relief under 28 U.S.C. § 1651, such relief cannot be granted

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Writ of Error Coram Nobis is **DENIED**.

Signed: August 10, 2011

Graham C. Mullen
United States District Judge

---

[2] For instance, in the case of Korematsu v. United States, the United States District Court for the Northern District of California utilized the Writ of Coram Nobis to correct errors of fact that had resulted in manifest injustice. Korematsu v. United States, 584 F. Supp. 1406 (N.D. Cal. 1984) (Where the illegal detention of an American Citizen of Japanese descent, due in part because of evidence withheld by the United States Government was later overturned with Korematsu being exonerated of any crime); see also, United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988) (exonerating the petitioners on the basis of new Supreme Court precedent finding their conduct was "not within the reach of [the statute]").